Joseph A. Suozzi, J.
This is an action for declaratory judgment (1) attacking the constitutionality of the local option decontrol provision, subdivision 2 of section 12 of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd.) (hereinafter called the “ Act ”); (2) invalidating the resolution adopted by the Village Board of Trustees of Rockville Centre, Nassau County, requesting the New York State Division of Housing and Community Renewal to decontrol all housing accommodations within the village; and (3) enjoining the New York State Division of Housing and Community Renewal from terminating rent control in the Village of Rockville Centre.
Plaintiffs are tenants in the Village of Rockville Centre. Their housing accommodations were decontrolled on November 1,1968, pursuant to a decontrol order promulgated by the Commissioners of the Division of Housing and Community Renewal on October 1, 1968. That order was issued pursuant to subdivision 2 of section 12 of the Act, following receipt of a resolution adopted December 18,1967 by the Village Board of Trustees. The resolution was preceded by a public hearing after notice by newspaper publication and after notice to the Commissioner, as provided by subdivision 2 of section 12 of the Act.
Plaintiffs moved for summary judgment in -Supreme Court, New York County. Upon application of the defendant Village of Rockville Centre and the defendant-intervenors (consisting of certain landlords in the village), an order was entered in the *183 Supreme Court, New York County, transferring venue to this court. The defendant-intervenors have cross-moved for summary judgment. Both motions are denied.
Plaintiffs’ motion to discontinue the action against the defendant Village of Rockville Centre is also denied.
The Attorney-General of the State of New York has intervened pursuant to section 71 of the Executive Law in defense of the local option decontrol provision of the Rent Control Law.
It should be pointed out that these motions were presented for determination to the court for the first time on April 9,1970, and that the prolonged delay in the determination of the issues presented herein is attributable to the other proceedings which have preceded this submission.
The court was presented with three basic questions: Is the local option decontrol provision of the Emergency Housing Rent Control Law constitutional? Does the provision allowing local communities to decontrol where “warranted” contain any standards by which to make that determination? Was the decontrol by the village warranted?
The main thrust of plaintiffs ’ argument on the constitutionality of the rent control law is that it constitutes an invalid delegation of the legislative power to the local governing body. Plaintiffs also contend that the rent control law is unconstitutional because it delegates absolute authority to decontrol without standards or guidelines.
While disagreeing with the plaintiffs’ contention as to constitutionality, the New York 'State Division of Housing and the Attorney-General agreed with plaintiffs that the Legislature has imposed no “ standards ” for local option decontrol other than the desire of the community as expressed by its local governing body.
As to the claim that the Legislature has invalidly delegated its legislative power to the local governing body, the court cannot agree with the plaintiffs’ contention. Article IX (§2, par. [b], subpar. [3]) of the New York State Constitution specifically provides that the Legislature “ shall have the power to confer on local governments powers not relating to their property, affairs or government including but not limited to those of local legislation and administration”. The delegation of the power to decontrol by local option is constitutionally proper and the plaintiffs cannot succeed in this action by reason of any unconstitutionality arising from such a delegation.
As to the absence of standards for the local option decontrol, the court must disagree with the plaintiffs, the State Division of Housing, and the Attorney-General. Although subdivision *184 2 of section 12, which grants to a local government the option to decontrol, does not expressly itemize any standards as are provided for in subdivision 1 of that section (which deals with decontrol by the rent commission), .such standards are reasonably inferred from a reading of this subdivision with the whole of the rent control article. The statute must be read in its entirety to ascertain the legislative intent.
The preamble to the rent control article contained in subdivision 1 of section 1 clearly sets forth the conditions which the Legislature intended to deal with and remedy by these rent control provisions. Therein it is expressly stated that: 1 ‘ The legislature hereby finds that a serious public emergency continues to exist in the housing of a considerable number of persons in the state of New York * * * that such emergency necessitated the intervention of federal, state and local government in order to prevent speculative, unwarranted and abnormal increases in rents; that there continues to exist an acute shortage of dwellings; that unless residential rents and evictions continue to be regulated and controlled, disruptive practices and abnormal conditions will produce serious threats to the public health, safety and general welfare; that to prevent such perils to health, safety and welfare, preventive action by the legislature continues to be imperative; that such action is necessary in order-to prevent exactions of unjust, unreasonable and oppressive rents and rental agreements and to forestall profiteering, speculation and other disruptive practices tending to produce threats to the public health; that the transition from regulation to a normal market of free bargaining between landlord and tenant, while still the objective of state policy, must be administered with due regard for such emergency, that in order to prevent uncertainty, hardship and dislocation, the provisions of this act are declared to be necessary and designed to protect the public health, safety and general welfare.” (Emphasis supplied.)
Section 12 provides for decontrol. Subdivision 1 provides, in part, that the commission can decontrol a municipality whenever it shall find “ (a) the percentage of vacancies in all or any particular class of housing accommodations is five percentum or more, or, (b) the availability of adequate .rental housing accommodations and other relevant factors are such as to make rent control unnecessary for the purpose of eliminating speculative, unwarranted, and abnormal increases in rents and of preventing profiteering and speculative and other disruptive practices resulting from abnormal market conditions caused by congestion, the controls imposed upon rents by authority of this *185 act in such municipality or with respect to any particular class of housing accommodations therein shall be forthwith abolished * * * no controls shall be abolished by the commission unless the commission shall hold a public hearing”. Subdivision 2 provides that the local governing body of a village “ upon a finding that decontrol in such * * * village is warranted after a public hearing # * * may adopt a resolution requesting the commission to decontrol all or any specified class of housing accommodation in such * * * village.” (L. 1946, ch. 274, as amd. by L. 1962, ch. 973; emphasis supplied.)
The requirement of a “ finding that decontrol is warranted ” implies a factual basis for the action of decontrol and not merely an expression of the popular will of the community. If all that was required was that the local governing body follow the public will, there would have been no necessity to require such a finding. “ Warranted ” means where justified. This language makes little, if any, sense unless it is related to the guidelines in the previous subdivision regarding the percentage of vacancies and availability of adequate rental housing accommodations, as well as preventing speculative, unwarranted and abnormal increases, all of which is an implementation of the legislative finding contained in the preamble.
After reading subdivision 2 of section 12 together with the remainder of the rent control provisions, this court holds that the section under attack, to wit, section 12 (subd. 1), does contain ascertainable guidelines and is therefore constitutional. Accordingly plaintiffs’ motion for summary judgment must be denied.
It must be noted that the Legislature was impelled to impose rent control because of conditions which existed as to housing and not because of any expression of the will of the public on a State-wide or local basis. Similarly, the removal of the controls must be related to the removal of these conditions and not merely to an expression of what may be popular within a community.
The cross motion for summary judgment is also denied inasmuch as a triable issue exists as to whether the resolution adopted by the village actually was predicated upon a finding that decontrol is warranted. Such a determination cannot be made on the basis of the papers presently before the court. Until a finding is made after trial that such decontrol was not warranted, the resolution passed by the village must be presumed to be valid. Therefore it will be the plaintiffs’ burden to establish that the resolution was not made upon a proper finding.
*186 The defendant State Division of Housing cannot be faulted for accepting the village’s resolution at face value and acting in accordance therewith. The legislation permitting local decontrol absolved this defendant of any responsibility or obligation to review the local government’s action.